IN THE UNITIED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**SANJOY DAS, Ph.D,**  Plaintiff,

vs.  Case No. 21-CV-

**STATE OF KANSAS, KANSAS BOARD OF REGENTS,**
**KANSAS STATE UNIVERSITY**
**OF AGRICULTURE AND APPLIED SCIENCE,**  Defendant.

# COMPLAINT

**COMES NOW,** Sanjoy Das, Ph.D, and for his complaint for disability discrimination, refusal to grant reasonable accommodations, and reprisal states and alleges as follows:

1. Plaintiff is Sanjoy Das, Ph.D., whose mailing address is 3016 Pecanwood Drive Manhattan, KS 66502.

2a. Defendant is the State of Kansas, Kansas Board of Regents, Kansas State University of Agriculture and Applied Science, (hereafter sometimes referred to as "Defendant") who may be served with process by service of process upon the Chairperson of the Board of Regents, 1000 SW Jackson Street, Suite 520, Topeka, Kansas as well as the Attorney General for the State of Kansas at the Office of the Attorney General, Second Floor, Kansas Judicial Center, 301 W. Tenth Avenue, Topeka, Kansas 66612-1597.

2b. The agency of the Defendant whose action is at issue is: Kansas State University of Agriculture and Applied Science (hereafter referred to as the "University"), whose mailing address is Kansas State University, Office of the President, 110 Anderson Hall, Manhattan, KS 66506-0112.

**COMPLAINT** --2--

3a. Plaintiff hereby charges the University with disability discrimination contrary to 42 U.S.C. § 12112.

3b. Plaintiff further charges the University with retaliatory employment practices against him contrary to 42 U.S.C. § 12203.

4. On April 26th, 2021, the Equal Employment Opportunity Commission in Case No. 563-2020-002956C issued Plaintiff a Notice of Right To Sue, which is attached hereto and marked as Exhibit A.

5. This Court possesses jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1343 and 1346.

6. Plaintiff is an Associate Professor in the University's Department of Electrical Engineering.

7. Plaintiff is an employee of the University who is a "qualified individual" as that term is defined by 42 U.S.C. §12111(8)

8. The University is Plaintiff's "Employer," as that term is defined by 42 U.S.C. §12111(5).

9. The terms and conditions of employment at the University, are subject to policies approved by the University and Defendant, State of Kansas, Board of Regents. Among such policies, is a prohibition of discrimination on the basis of disability and prohibition of retaliation against an employee who complains of such discrimination

**COMPLAINT**                                    --3--

according to procedures provided by the University or otherwise, according to Title I of the Americans with Disabilities Act (the ADAA) hereafter.

10. Despite such regulations, the University has subjected Plaintiff to continuous and ongoing discrimination against him due to his disability, and his complaints of such discrimination according to University and the ADAA.

11a. Plaintiff has previously complained of the University's discrimination against him in April of 2019 in Case No. 07-19-2013, filed with the office of Civil Rights in the Department of Education (OCR).

11b. Prior to said OCR complaint, Plaintiff complained of such discrimination to the Equal Employment Opportunity Commission (EEOC).

12. Despite, or perhaps because of, those complaints, Plaintiff continued to experience disability discrimination, and denial of the reasonable accommodation, which discrimination and retaliation has continued to this date.

13. Plaintiff suffers from Attention Deficit Hyperactivity Disorder (ADHD). If the University made those reasonable and minor accommodations requested by Plaintiff, Plaintiff can perform and excel in the performance of his duties despite this condition.

14. Nonetheless, because of Plaintiff's condition, the Department Head of the University's Department of Electrical Engineering has an aversion to Plaintiff and refuses to grant the reasonable accommodations requested by Plaintiff.

15. The University's discrimination against Plaintiff due to his disability, its

**COMPLAINT**                              --4--

refusal to grant him the accommodations he has requested, and its retaliation against Plaintiff due to his complaints of such discrimination, has caused Plaintiff to suffer significant and undue work-related stress, which has caused Plaintiff to be diagnosed as also suffering from an Anxiety Disorder.

16. The University's Department Head, Dr. Gruenbacher, agreed to grant one of Plaintiff's requests for accommodation which consisted of reminders of upcoming meetings, but then did so only occasionally, causing Plaintiff to formally complain to the university administration in 2019 order to persuade Dr. Gruenbacher to resume providing reminders as previously agreed. This agreement to provide reminders of department meetings is the single and only concession the University has made in response to Plaintiff's reasonable accommodation (RA) requests.

17a. All other RA requests by Plaintiff have been unnecessarily and incorrectly denied.

17b. Plaintiff's additional RA requests that were denied by the University, included Plaintiff's request to play tapes of lectures while present in class, as has been permitted to other faculty members.

17c. Plaintiff also requested permission to attend departmental meetings virtually. Plaintiff's request was denied, but was granted to another non-disabled faculty member.

17d. Plaintiff requested the assistance of a graduate teaching assistant in courses being taught by Plaintiff, but this request too was also denied by the University, while being granted

**COMPLAINT**                --5--

to other faculty members.

18.     In addition to denial of Plaintiff's RA requests, the University has continued to discriminate against Plaintiff because of his condition.

19.     The University has continued to deny Plaintiff promotion despite the fact, that according to Department guidelines for promotion, Plaintiff had higher qualifications than other members of the faculty who have been promoted.

20.     In June of 2020 for example, another candidate's promotion /tenure was granted after being afforded an opportunity to visit with his colleagues about that promotion. The University however interfered with Plaintiff's application for promotion and twice denied Plaintiff permission to meet with the decision-making faculty members about Plaintiff's application for promotion despite allowing the other candidate permission to do so.

21.     As a result of this discrimination, Plaintiff filed complaints not only with the OCR but also according to the University's policies.  As with Plaintiff's RA requests, the University did not respond to these complaints; however since filing these complaints Plaintiff's evaluations have trended lower while his performance remained at a steady, if not increased level.

22.     In addition to the lower trend line in Plaintiff's performance evaluations, the University has disproportionately distributed department resources to other non-disabled members of the department, including but not limited to equipment, post-graduate scholars, graduate students and allocations for equipment and travel.

**COMPLAINT** --6--

23a. One such example of the University's disparate treatment of Plaintiff, occurred on October 9, 2019 when Plaintiff made a request for partial funding for travel support to an international technical conference where Plaintiff had been invited to present an accepted research article, attend workshops, and interact with other researchers. A significant portion of the entire travel expense would have been covered by funding in an account, which, while set aside for Plaintiff's benefit, was nonetheless controlled by the Department.

23b. The University did not respond to Plaintiff's request for partial funding of his travel costs. Confronted with rising airplane ticket costs, Plaintiff repeatedly inquired of the Department about his request. When he finally got a response, Plaintiff was told there was less money than what was actually on account. The University misinformed Plaintiff about the extent of his Departmental funding, and was told to request funding from another University resource (outside of the department) but due to further departmental delays, Plaintiff could not obtain that funding by the deadline for registering at that conference. This misinformation and delay was motivated by a desire to harass Plaintiff because of his disability RA requests, and filing of complaints about this discrimination and harassment.

24. The University's failure to afford Plaintiff the full measure of accommodation requested, the refusal to consistently abide by even the one (1) accommodation afforded by the University to date and its continued harassment and discrimination against Plaintiff is attributable to, and explained by Plaintiff's disability, his requests for RA, and his complaints filed with the OCR, the EEOC and the University.

**COMPLAINT**  --7--

25. As a result of the University's continued discrimination, refusal to grant RA requests, and retaliation against Plaintiff for his complaints of such discrimination, Plaintiff has suffered significant and ongoing personal suffering and injury, and diminished earnings in an amount exceeding $75,000.00.

**WHEREFORE**, Petitioner prays that the Court determine Defendant by means of its Agency: Kansas State University of Agriculture and Applied Science, has engaged in prohibited disability discrimination, has refused to grant Plaintiff reasonable accommodations for that disability, and has engaged in retaliation against Plaintiff for his complaints about such discrimination, all as prohibited by the ADAA; enter an order herein enjoining the continuation of such prohibited employment practices; and that the Court enter a money judgment herein over and against the Defendant and its Agency, Kansas State University of Agriculture and Applied Science in an amount exceeding $75,000.00 as compensation for the past and future physical and emotional injury, and specific and consequential damages sustained by Plaintiff as a result of the above described actions, for an order reimbursing Plaintiff for his attorney fees incurred herein, including any expert witness fees and costs, and for such other and further relief which the Court deems just and equitable in the circumstances

COMPLAINT                                   --8--

*Sanjoy Das*
SANJOY DAS

## VERIFICATION

STATE OF KANSAS        )
                       ) ss:
COUNTY OF GEARY        )

SANJOY DAS, of lawful age and being first duly sworn upon his oath states:

That he is the Plaintiff in the above entitled action, that he has read the Petition and understands the same and that the statements and allegations contained therein are true and correct to the best of his knowledge and belief.

*Sanjoy Das*
Sanjoy Das

Subscribed and sworn to before me this 23 day of July, 2021.

NOTARY PUBLIC - State of Kansas
LISA MELHUS DANIELS
My Appt. Exp. 10-13-21

*Lisa Melhus Daniels*
Notary Public

My Appointment Expires:_____

COMPLAINT                                --8--

APPROVED:

HOOVER, SCHERMERHORN,
EDWARDS, PINAIRE & ROMBOLD
811 North Washington Street
Junction City, KS  66441
(785) 238-3126
Attorneys for Plaintiff

By *[signature]*
Peter Charles Rombold, #11539

## DEMAND FOR JURY TRIAL

**COMES NOW** Peter Charles Rombold, of the law firm of Hoover, Schermerhorn, Edwards, Pinaire & Rombold, and hereby demands trial by jury on all of the issues, if any, triable to a jury.

HOOVER, SCHERMERHORN, EDWARDS,
PINAIRE & ROMBOLD
811 North Washington Street
Junction City, KS  66441
(785) 238-3126
Attorneys for Petitioner

By *[signature]*
Peter Charles Rombold, #11539

PR:Das.Petition