IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SANJOY DAS, Ph.D. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case. No. 21-CV-04044 |
| | ) |
| STATE OF KANSAS, | ) |
| KANSAS BOARD OF REGENTS, | ) |
| KANSAS STATE UNIVERSITY | ) |
| OF AGRICULTURE and | ) |
| APPLIED SCIENCE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## BRIEF IN SUPPORT OF DEFENDANT KANSAS BOARD OF REGENTS MOTION TO DISMISS

COMES NOW the Defendant, Kansas Board of Regents (KBOR), pursuant to Fed. R. Civ. P. 12(b)(1) and (6), and local rule D. Kan. 7.1(a) and submits the following memorandum of arguments and authorities in support of its Motion to Dismiss filed simultaneously herewith.

### NATURE OF THE CASE

Plaintiff is employed as an Associate Professor in the electrical engineering department of Kansas State University (KSU). On July 23, 2021, he filed his Complaint against KBOR and KSU alleging two violations of the Americans with Disabilities Act (ADA) by KSU: disability discrimination in violation of 42 USC §12112 and retaliatory employment practices in violation of 42 USC §12203.

### ARGUMENTS AND AUTHORITIES

#### This Court Lacks Subject Matter Jurisdiction

#### Sovereign Immunity

The Eleventh Amendment bars Plaintiff's claims against KBOR. Subject to a few narrow exceptions not applicable here, the Eleventh Amendment doctrine of sovereign immunity bars private individuals from suing nonconsenting states in federal court. *Ex Parte Young,* 209 U.S. 123 (1908); *see also, Opala v. Watt*, 454 F.3d 1154, 1157 (10th Cir. 2006) (citing *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1286 (10th Cir. 1999)). Eleventh Amendment immunity applies not only to the state itself, but also to agencies of the state. *See Aaron v. Kansas,* 115 F.3d 813, 814 (10th Cir. 1997).

> "The Eleventh Amendment provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State." U.S. Const. amend. XI. As interpreted, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)."

*Estes v Wyoming Dept of Transp.*, 302 F.3d 1200, 1203 (10th Cir. 2002).

Under certain circumstances, Congress can abrogate a State's sovereign immunity in the exercise of its power to enforce the Fourteenth Amendment. 42 USC §12202 attempts to do so with respect to the ADA. However, that attempt was unsuccessful.

> "Applying *Board of Trustees of the University of Alabama v. Garrett,* 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001), decided after the district court entered its decision in this case, we reverse the district court's conclusion that Congress validly abrogated the States' sovereign immunity in Title I of the ADA. In *Garrett,* the Supreme Court held that Congress did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages under Title I of the ADA. *Id.* at 374 n. 9, 121 S.Ct. 955."

*Estes,* 302 F.3d at 1203.

Therefore, because KBOR is entitled to Eleventh Amendment immunity, all claims asserted against it in Plaintiff's complaint should be dismissed.

### Plaintiff's Complaint Fails to State a Claim upon Which Relief Can Be Granted Against KBOR

**Plaintiff Failed to Exhaust Administrative Remedies**

"Title I of the ADA requires a plaintiff to exhaust [his] administrative remedies before filing suit." Failing to exhaust administrative remedies is an affirmative defense, not a jurisdictional bar to suit. But the "distinction between a jurisdictional requirement and an affirmative defense is immaterial" in a case where the defendant has " 'properly presented' [the issue] for decision." (citations omitted).

*Lincoln v. BNSF Ry. Co.*, 2020 WL 4000912, at *6–7 (D. Kan. July 15, 2020)

Attached to Plaintiff's Complaint is a copy of a Notice of Right to Sue Within 90 Days dated April 26, 2021 regarding EEOC Charge No. 563-2020-02956C against Kansas State University. Nothing in that document indicates that any charge was filed against KBOR, nor does Plaintiff's Complaint allege that he filed any EEOC charge against KBOR.

Attached hereto as Exhibit 1 is a copy of Plaintiff's EEOC Charge of Discrimination 563-2020-02956. It does not assert any charge against KBOR. In fact, KBOR is not even mentioned. Because Plaintiff failed to exhaust administrative remedies with respect to any claim against KBOR, all claims asserted against KBOR should be dismissed.

**Plaintiff Is Not Employed by KBOR**

KBOR and KSU are separate state agencies. K.S.A. 76-711, 76-712, 76-713. KBOR is a governmental agency created by state statute K.S.A. 74-3202a. KBOR governs six state universities, Kan. Const., Art. 6, §2(b) and K.S.A. 76-711, *et seq.*; coordinates 32 Kansas public higher education institutions, K.S.A. 74-3201a, *et seq.*; and regulates all non-exempt private and out-of-state postsecondary educational institutions operating in Kansas, K.S.A. 74-32,162, *et seq*. KBOR appoints the chief executive officer of each state educational institution. K.S.A. 76-714. The chief executive officer of each educational institution administers the affairs of that institution. K.S.A. 76-725. This includes hiring personnel. K.S.A. 76-715.

Furthermore, Plaintiff's Complaint alleges that he is an employee of KSU and that KSU "is Plaintiff's "Employer", as that term is defined by 42 USC §12111(5)."  Plaintiff does not allege that he is an employee of KBOR or that KBOR is his employer.  Because the KBOR is not Plaintiff's employer, it cannot be liable for any alleged violations of the ADA by KSU, and all claims asserted against it in Plaintiff's Complaint should be dismissed.

### No Allegations of Wrongful Conduct by KBOR

Plaintiff's Complaint alleges no wrongful conduct by KBOR and thus fails to state a claim upon which relief can be granted against KBOR.  Plaintiff alleges that KBOR can be served with process by serving the chairperson at 1000 SW Jackson St., Suite 520, Topeka Kansas (Doc 1, paragraph 2a); and that the terms and conditions of employment at KSU are subject policies approved by KBOR, including policies that prohibit discrimination on the basis of disability and prohibit retaliation against employees who complain of any such discrimination (Doc 1 paragraph 9).  There are no other allegations regarding KBOR in the Complaint.  Thus, Plaintiff's Complaint does not allege any facts sufficient to state a claim upon which relief can be granted against KBOR.

### CONCLUSION

Because KBOR is entitled to Eleventh Amendment immunity, this Court lacks subject matter jurisdiction and Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).  In addition, Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted because Plaintiff failed to exhaust administrative remedies; because plaintiff is not an employee of KBOR; and because Plaintiff failed to allege any conduct by KBOR that allegedly violates the ADA.

WHEREFORE, for the above and foregoing reasons, Defendant Kansas Board of Regents respectfully requests this motion be granted an order entered dismissing all claims asserted against it in Plaintiff's Complaint, and for such other relief as the Court deems just and equitable.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
DEREK SCHMIDT

*s/ Stanley R. Parker*
Stanley R. Parker, KS #10971
Carrie A. Barney, KS #22872
Assistant Attorneys General/Trial Counsel
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas, 66612-1597
Phone: (785) 368-8423
         (785) 368-6695
Fax:    (785) 291-3767
Email: stanley.parker@ag.ks.gov
        carrie.barney@ag.ks.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of November, 2021, I electronically filed the foregoing with the Court using the CM/ECF system, which sent a notice of electronic filing to all counsel of record.

Peter Charles Rombold
Hoover, Schermerhorn,
Edwards, Pinaire & Rombold
811 North Washington Street
Junction City, KS 66441
*Attorney for Plaintiff*

s/Stanley R. Parker
Stanley R. Parker