IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**SANJOY DAS, PH.D.,**

    **Plaintiff,**

v.

**KANSAS STATE UNIVERSITY, et al.,**

    **Defendants.**

Case No. 21-4044-DDC-ADM

## MEMORANDUM AND ORDER

    This is a disability discrimination case. Plaintiff Sanjoy Das, Ph.D., an associate professor, sued his employer, Kansas State University of Agriculture and Applied Science, and the Kansas Board of Regents (KBOR) for disability discrimination and failure to accommodate his disability. Defendants have filed motions to dismiss plaintiff's Complaint. In response, plaintiff asked the court for leave to amend his Complaint. Defendants never responded to plaintiff's motion for leave to amend. Because plaintiff's motion is unopposed and the governing law favors amendment, the court grants plaintiff's motion. The court explains this decision, below.

    KBOR filed a Motion to Dismiss plaintiff's Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted (Doc. 10). Kansas State University also filed a Motion to Dismiss plaintiff's Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted (Doc. 12). In response to the arguments defendants raised in their respective motions to dismiss, plaintiff

filed a Motion for Leave to Amend his Complaint (Doc. 20).  Under D. Kan. Rule 6.1(d)(1), defendants had 14 days to respond to plaintiff's motion.  Defendants never responded, and the time for doing so has expired.

Under D. Kan. Rule 7.4(b), a party "who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum" unless there is a showing of excusable neglect.  This rule also provides that if "a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion.  Ordinarily, the court will grant the motion without further notice."  D. Kan. Rule 7.4(b).

Because defendants have failed to respond to plaintiff's motion, the court considers plaintiff's motion uncontested.  Defendants haven't even attempted to file a response, much less shown excusable neglect and so, the court thus grants the motion for this reason.  Beyond these procedural grounds, the court also grants the motion for a second and independent reason based on the merits of plaintiff's motion.

Rule 15(a) provides that courts should "freely give leave" for a party to amend its pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The decision whether to grant leave to amend is within a district court's sound discretion. *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason[.]" *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001). "'The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim[.]'" *Adams v. C3 Pipeline Constr. Inc.*, ___ F.4th ___, No. 20-2055, 2021 WL 7543790, at *19 (10th Cir. Nov. 2, 2021) (quoting *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999)).

The court finds no undue delay, undue prejudice, bad faith, or dilatory motive in plaintiff's motion. This is plaintiff's first motion for leave to amend. Nor are the proposed amendments futile—they address defendants' motion to dismiss arguments. Plaintiff's Amended Complaint seeks to: (1) clarify the relief he seeks in his disability discrimination claims; (2) add Rehabilitation Act claims; (3) clarify the timeliness of his allegations; (4) allege more details about his disability; (5) "add an interference with or breach of contract claim;" and (6) "clarify the source of the financial assistance through the Board of Regents" for his Rehabilitation Act claim. Doc. 20 at 2. Thus, the merits of plaintiff's motion give the court an independent reason to grant it.

The court's ruling granting plaintiff leave to file his Amended Complaint renders the motions to dismiss moot. The court thus denies each motion to dismiss, but without prejudice to any future motion that defendants may file against plaintiff's Amended Complaint.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Kansas Board of Regents's Motion to Dismiss (Doc. 10) is denied as moot.

**IT IS FURTHER ORDERED BY THE COURT THAT** defendant Kansas State University's Motion to Dismiss (Doc. 12) is denied as moot.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff's "First Motion for Leave to Amend Complaint" (Doc. 20) is granted. Plaintiff is ordered to file the Amended Complaint **within 7 days of the date of this Order.**

**IT IS SO ORDERED.**

**Dated this 4th day of April, 2022, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**