IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SANJOY DAS, Ph.D. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case. No. 21-CV-04044 |
| | ) | |
| STATE OF KANSAS, | ) | |
| KANSAS BOARD OF REGENTS, | ) | |
| KANSAS STATE UNIVERSITY | ) | |
| OF AGRICULTURE and | ) | |
| APPLIED SCIENCE, DONALD | ) | |
| GRUENBACHER, Department Head, | ) | |
| Department Electrical Engineering, | ) | |
| Kansas State University, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PROTECTIVE ORDER

The parties agree that it may be necessary during discovery to disclose certain confidential information relating to the subject matter of this action.   They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals.   The parties jointly request entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

In support of the parties' request, they assert that protection of the identified categories of confidential information is necessary because documents produced in this action may contain confidential and highly personal information pertaining to the parties, their respective families and third parties.   The following documents are likely to contain personally identifiable information

1

or other confidential information that should be protected from subsequent redisclosure outside

the context of this litigation for the following reasons:

- Personnel files.   These documents typically contain personally identifiable information and other confidential information including, but not limited to, Social Security numbers, residence addresses, birthdates, financial institution account numbers (normally required in order to facilitate direct deposit of salaries, expense reimbursements and other payments) salaries, income tax withholding information, medical information necessary for enrollment in health insurance plans, financial information and beneficiary designations for pension plans or retirement accounts, driver's license numbers, personally identifiable information regarding family members, and confidential employee performance reviews.   Redisclosure or publication of such information outside the context of this litigation is likely to be annoying or embarrassing and could be used to facilitate identity theft or other crimes against the individual whose information was disclosed.

- Kansas State University, Kansas Board of Regents, and State of Kansas records and communications.   These documents may contain personally identifiable information of students or other nonparties and information contained in student educational records, including information that may be prohibited from disclosure by 20 U.S.C. § 1232g and 34 C.F.R. § 99.1, *et seq*.   Redisclosure or publication of such information outside the context of this litigation is likely to be annoying or embarrassing to the student or other third parties whose information was disclosed and could potentially result in a loss of funding or adverse regulatory action against KSU or KBOR.

- Non-public information regarding investigatory, disciplinary, and/or grievance proceedings.   Redisclosure or publication of any information in this category is likely to be annoying and embarrassing to the individuals involved in such grievances, investigations or disciplinary proceedings.   Redisclosure or publication of allegations and accusations of misconduct will likely be embarrassing to both the alleged victim and the alleged perpetrator and could tend to discourage others from reporting alleged misconduct.

- Personal, educational, medical, psychological, or financial records, including tax returns, whether produced by either Plaintiff or Defendant.   This information is likely to be included in the above-referenced categories.   To the extent any such information is not so included, it should still be protected from subsequent redisclosure or publication for the same reasons previously identified.

- Records whose disclosure or dissemination are restricted or prohibited by federal or state statute, federal or state regulation, contract, or policy.   Redisclosure or publication of such information outside the context of this litigation is likely to be deemed a violation of

the applicable statute or regulation or breach of the applicable contract or policy and may result in legal or regulatory action against the disclosing party for failure to take reasonable steps to preserve the confidentiality of such information outside the context of this litigation.

- Private communications with third parties. These communications are likely to be considered to be confidential by the parties to the communication and may also include personally identifiable information or other confidential information.  Redisclosure or publication of such information may be annoying or embarrassing for the parties to the communication and may result in claims against the disclosing party for unauthorized disclosure of personally identifiable information or other confidential information without taking reasonable steps to preserve the confidentiality of that information outside the context of this litigation.   In addition to the financial costs of defense, defending such claims will be disruptive to the normal operations of the disclosing entity and will occupy time and attention of the individuals and support staff directly involved in that defense, that would otherwise be devoted to performing their job duties.

For good cause shown under Fed. R. Civ. P. 26(c), the court grants the parties' Joint Motion for Protective Order (ECF 35) and enters the following protective order:

1.      **Scope.**   All documents and materials produced in discovery, including disclosures, discovery responses, deposition testimony and exhibits, and information derived directly therefrom (hereinafter, collectively, "documents"), are subject to this Order concerning Confidential Information as set forth below.   As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2.      **Definition of Confidential Information.**   As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties, including but not limited to personally identifiable information listed in Federal Rule of Civil Procedure 5.2 and Kansas

3

Supreme Court Rule 24.   For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:

     i.    Personnel files;

     ii.    Kansas State University, Kansas Board of Regents, and State of Kansas records and communications;

     iii.    Non-public information regarding investigatory, disciplinary, and/or grievance proceedings;

     iv.    Personal, educational, medical, psychological, or financial records, including tax returns, whether produced by either Plaintiff or Defendant;

     v.    Records whose disclosure or dissemination are restricted or prohibited by federal or state statute, federal or state regulation, contract, or policy;

     vi.    Private communications with third parties.

Information or documents that are available to the public may not be designated as Confidential Information.

**3.   Form and Timing of Designation.**   The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter, "the marking") on the document and on all copies in a manner that will not interfere with the document's legibility.   As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.   Copies that are made of any designated documents must also bear the marking, except that indices, electronic

databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney or party appearing *pro se* certifies that the document contains Confidential Information.

4. **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 10 days after discovery of the inadvertent failure.

5. **Depositions.** Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

6. **Protection of Confidential Material.**

(a) **General Protections.** Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

(b) **Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior court order, designated Confidential Information may only be disclosed to the following persons:

(1) The parties and their employees, agents, and representatives;

(2) Counsel for the parties and their employees and agents;

(3) The court and court personnel, including any special master appointed by the court, and members of the jury;

(4)     Court reporters, recorders, and videographers engaged for depositions;

(5)     Any mediator appointed by the court or jointly selected by the parties;

(6)     Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(7)     Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A;

(8)     The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9)     Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(10)    Other persons only upon consent of the producing party and on such conditions as the parties may agree.

In the event that a party desires to designate a document or material as "Confidential Information - Attorneys' Eyes Only" and thereby limit disclosure only to the receiving party's counsel, the parties shall confer and attempt to resolve the matter without the need for court intervention over the terms of such a designation.

**(c)     Control of Documents.**   The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information.   Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents, along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

7.     **Filing Confidential Information.**   A party that seeks to file any document containing Confidential Information must take appropriate action to ensure that the document receives proper protection from public disclosure, such as: (a) filing a redacted document with the consent of the party who designated the document as confidential; or (b) seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6.   Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal.   The mere designation of information as confidential pursuant to this Order is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets.   The parties understand that the requested documents may be filed under seal only with the court's permission after proper motion.   If the motion is granted and the requesting party is permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents.   Pro hac vice attorneys must obtain sealed documents from local counsel.

8.     **Challenges to a Confidential Designation.**   Any party may challenge the designation of any material or document as Confidential Information.   But before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention.   A party that elects to challenge a confidentiality designation may file a motion that identifies the challenged material and sets forth in detail the basis for the challenge.   The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality.   Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information.

**9.     Use of Confidential Documents or Information at Trial or Hearing.**   Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing.   A party that intends to present or anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information.   The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

**10.     Obligations on Conclusion of Litigation.**

**(a)     Order Remains in Effect.**   Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

**(b)     Return of Confidential Documents.**   Within 30 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

**(c)     Retention of Work Product.**   Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated Confidential Information, so long as that work product does not

duplicate verbatim substantial portions of the text or images of designated documents.   This work product will continue to be confidential under this Order.   An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

11.     **Order Subject to Modification.**   This Order may be modified by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter.   The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

12.     **Enforcement of Protective Order.**   Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order.

13.     **No Prior Judicial Determination.**   This Order is entered based on the parties' representations and agreements for the purpose of facilitating discovery.   Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

14.     **Persons Bound by Protective Order.**   This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**15.    Applicability to Parties Later Joined.**   If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file their written agreement to be bound by the provisions of this Order.

**16.    Protections Extended to Third-Party's Confidential Information.**   The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

**17.    Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**   If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order.   Such notification must include a copy of the subpoena or court order.   The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order, and deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.   The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.   The obligations

10

set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information designated by the other party to this case.

18.     **Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.**   Whether inadvertent or otherwise, the disclosure or production of any information or document that is subject to an objection based on attorney-client privilege or work-product protection, including but not limited to information or documents that may be considered Confidential Information, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date.   Any party receiving any such information or document must return it upon request to the producing party.   Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within seven days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order.   Although the provisions of this section constitute an order pursuant to Federal Rule of Evidence 502(d) and (e), and will be construed in a manner consistent with the maximum protection provided by said rule, nothing in this Order limits a party's right to review documents, including electronically-stored information, for relevance, responsiveness, or segregation of privileged or protected information before production.

**IT IS SO ORDERED.**

Dated May 31, 2022, at Kansas City, Kansas.

/s Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge

**ATTACHMENT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned acknowledges that he/she has read the Protective Order attached hereto and dated May 31, 2022, in the case captioned *Das v. Kansas State University et al*. (Case No. 21-cv-4044), understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for the District of Kansas in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____   _____
                                                    Signature