IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SANJOY DAS,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**KANSAS BOARD OF REGENTS,**<br>**et al.,**<br><br>　　　　**Defendants.** | Case No. 21-4044-DDC-ADM |

# MEMORANDUM AND ORDER

　　　　Plaintiff Sanjoy Das filed this employment discrimination case against defendants Kansas Board of Regents (KBOR), Kansas State University of Agriculture and Applied Science (University), and Donald Gruenbacher. Plaintiff alleges federal disability discrimination claims against defendants under the Americans with Disabilities Act and Rehabilitation Act, and a breach of contract claim under Kansas law.

　　　　In April 2022, plaintiff added Gruenbacher as a defendant in his Amended Complaint. Doc. 23 at 2 (Am. Compl. ¶ 3b). Defendants University and KBOR responded to the Amended Complaint by filing Motions to Dismiss. Docs. 31, 33.

　　　　By October 2022, the docket reflected that plaintiff had not served defendant Gruenbacher with summons and the Complaint, as Fed. R. Civ. P. 4(m) requires. The court thus issued an Order to Show Cause, directing plaintiff to demonstrate why the court shouldn't dismiss defendant Gruenbacher from the case. Doc. 51. On November 1, plaintiff filed his Response to the court's Order. Doc. 52. In his response, plaintiff explained that he "mistakenly assumed that the Office of the Attorney General was representing [Gruenbacher] under the

doctrine of *respondeat superior*." *Id.* at 1 (Pl. Resp. ¶ 1).  Also, plaintiff notified the court that the parties, after engaging in mediation, entered a tentative settlement on October 31, 2022, and he asked that the court stay any actions in the case pending the settlement's acceptance. *Id.* at 1–2 (Pl. Resp. ¶ 3).  As an alternative, plaintiff asked for leave to amend his Complaint to remove Gruenbacher as a defendant.  *Id.* at 2 (Pl. Resp. ¶ 4).  The court addresses plaintiff's requests, below.

## I.     Request to Stay

As a broad principle, public policy and the "law favors agreements to compromise and settle disputes[.]" *Lowery v. Cnty. of Riley*, 738 F. Supp. 2d 1159, 1168 (D. Kan. 2010).  Also, the "District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  Because any dispositive rulings in this case potentially run the risk of interfering with the parties' settlement process, the court determines that the prudent course requires it to stay proceedings.  The court thus grants plaintiff's request that the court stay all deadlines and withholds ruling on defendants' Motions to Dismiss pending the parties' completion of their settlement agreement.

Bu the court is unwilling to stay the case indefinitely.  It thus stays the case (and all deadlines) for 30 days after this Order, **until December 5, 2022**.  If the parties haven't finalized their agreement by then, the stay will expire on December 6 and the parties must comply with all deadlines from that point forward.  Also, to keep informed, the court orders the parties to file, **within 20 days of this Order's date**, a joint status report that updates the court on the progress of parties' agreement.

## II.    Request for Leave to Amend

Plaintiff's request for leave to amend his Complaint is unnecessary.  The Federal Rules of Civil Procedure require the court "on motion or on its own after notice to the plaintiff" to dismiss

2

an action without prejudice against a defendant who plaintiff has failed to serve within 90 days of the complaint's filing. Fed. R. Civ. P. 4(m). In its Notice and Order to Show Cause, the court notified plaintiff that it would dismiss defendant Gruenbacher unless plaintiff could demonstrate why it shouldn't. Doc. 51. Plaintiff acknowledged that serving the Amended Complaint on the Office of the Attorney General didn't serve defendant Gruenbacher with summons and the Complaint. Doc. 52 at 1 (Pl. Resp. ¶ 2). Thus, plaintiff doesn't need to amend his Complaint. Instead, the court dismisses all claims against defendant Gruenbacher without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the court stays this case for 30 days after this Order, **until December 5, 2022**, pending the parties' completion of their settlement agreement.

**IT IS FURTHER ORDERED BY THE COURT THAT** the parties must file a joint status update on the settlement agreement with this court **within 20 days of this Order**.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff's request for leave to amend is denied. The court dismisses defendant Donald Gruenbacher and all claims against him without prejudice under Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED.**

Dated this 4th day of November, 2022, at Kansas City, Kansas.

                                        **s/ Daniel D. Crabtree**
                                        **Daniel D. Crabtree**
                                        **United States District Judge**